United States District Court
Southern District of Texas
**ENTERED**
January 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAUL  STIGGERS III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-247 |
| | § | |
| BANK OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

On August 19, 2019, Plaintiff Paul Stiggers, III, proceeding *pro se*, filed a complaint against Defendant Bank of America seeking either $60 or $87 million in damages.  (D.E. 1 and D.E. 16-1).[1]  Pending are Defendant's Motion to Dismiss (D.E. 11) and Plaintiff's Motion for Summary Judgment.  (D.E. 16).  For the reasons discussed below, the undersigned recommends to the Court that Plaintiff's Motion (D.E. 16) be **DENIED**, Defendant's Motion (D.E. 11) be **GRANTED** and this case be **DISMISSED**.

## I.    PLAINTIFF'S CLAIMS

The federal courts regularly handle cases brought by plaintiffs appearing *pro se* who attempt to raise claims under the Uniform Commercial Code, The Administrative Procedures Act, and other statutes and laws which are typically wholly inapplicable to the dispute between the parties.  These plaintiffs will allege some right was violated by the defendant although it is often unclear how the plaintiff was harmed or wronged by the

---

[1]In his complaint, Plaintiff requests $60 million in damages.  (D.E. 1, Page 5).  In his Motion for Summary Judgment, Plaintiff requests $87 million in damages.  (D.E. 1601, Page 2).

defendant.  Before the civil action is filed, the plaintiff will have served the defendant with a "proof of claim" wherein he quotes statutes and other authorities in a series of indecipherable claims.  When the defendant does not respond to the proof of claim, the plaintiff will send the defendant a "notice of default."  The plaintiff then files a civil action wherein he seeks to recover millions of dollars based on the defendant's purported default.  These types of claims are almost always dismissed for failure to state a claim and are routinely determined to be frivolous and are often vexatious.  Plaintiff's claims in the instant action are brought in the manner described.

Plaintiff's claims appear to involve a dispute over a Motor Vehicle Retail Installment Sales Contract between Plaintiff and "Motor Home Specialist" in Alvarado, TX dated November 10, 2018 for a 2019 Heartland Elkridge Fifth Wheel Vehicle at a purchase price of $37,675.77 with financing making the total sale price $59,191.40  (D.E. 14, Pages 7-12).  However, it is unclear if this is even the contract upon which Plaintiff is basing his complaint as he references a separate contract involving the purchase of a Ford F-350 in his Motion for Summary Judgment rather than the purchase of a recreational vehicle.  (D.E. 16-1).  Nevertheless, Plaintiff fails to allege any coherent facts describing the dispute or Defendant's role in the disputed transactions.  Instead, Plaintiff alleges vague claims under the Administrative Procedure Act of 1949 and the Uniform Commercial Code and other authorities. (D.E. 1, Page 4). He further alleges he has filed "proofs of claims" and "notices of default" against defendant.  Based on the defendant's "non-response, acceptance, and commercial acquiescence," Plaintiff "prays for relief of $60,000,000.00 as agreed to and acquiesced by Bank of America through the Plaintiff

exhausting his Private Administrative Remedy through requests for proofs of claim . . ." (D.E. 1, Pages 4-5).

## II.    12(b)(6) MOTION STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."   *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).   To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678 (citation omitted).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id*. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

When dealing with cases where the plaintiff proceeds *pro se*, it is well-established that the *pro se* plaintiff's complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citation omitted). While *pro se* plaintiffs are entitled to more liberal constructions of their pleadings by courts, the *pro se* plaintiff still must comply with the Federal Rules of Civil Procedure, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the motion to dismiss." *Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citation omitted).

## III.    ANALYSIS

Even under the liberal construction given to *pro se* plaintiffs' pleadings, Plaintiff's allegations are at best vague, conclusory and lacking in factual support.  (D.E. 1).  Upon careful reading of Plaintiff's complaint, the undersigned cannot find any cognizable legal claims.   While it appears Plaintiff is attempting to raise claims of breach of contract, fraud, theft, extortion and unjust enrichment, he entirely fails to support these allegations in his complaint.  (D.E. 1, Pages 4-5).

Plaintiff's allegations also fail to allege fraud with the necessary particularity under Rule 9(b).  Plaintiff's complaint includes many fragmented statements such as "fraudulent alleged loan," "extortion payments," "theft" and "unjust enrichment," apparently describing Defendant's conduct but no other sufficient facts or details are provided in support of his claim.  In short, Plaintiff fails to identify the alleged conduct giving rise to liability or any harm allegedly suffered.

Under Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given "when justice so requires."  Here, the record does not support allowing an amendment.  Plaintiff has not attempted to file an amendment to cure the pleading defects even after Defendant pointed out the deficiencies in the pending motion to dismiss and the undersigned gave Plaintiff leave to file an amended complaint on or before November 8, 2019.  (D.E. 13). Further, from the limited information provided, it appears none of Plaintiff's claims are legally cognizable and would fail as a matter of law making an amendment futile.

Additionally, as to Plaintiff's Motion for Summary Judgment, the undersigned recommends it be denied as it is also deficient as Plaintiff's assertions are vague, unclear

and conclusory.  (D.E. 16).  Plaintiff also entirely fails to cite to any evidence in support of his limited, conclusory allegations.  The only evidence he attaches to the motion are UCC Financing Statements and related correspondence addressed to Ford Motor Credit, not Defendant, related to the financing of a Ford F-350 vehicle.  (D.E. 16-1).

## IV.     RECOMMENDATION

For the reasons stated above, the undersigned recommends Plaintiff's allegations are insufficient to survive Defendant's Motion to Dismiss.  Further, the undersigned also recommends Plaintiff has provided no sufficient evidence in support of his Motion for Summary Judgment.   Accordingly, the undersigned recommends to the Court that Plaintiff's Motion (D.E. 16) be **DENIED**, Defendant's Motion (D.E. 11) be **GRANTED** and this case be **DISMISSED**.

ORDERED this 3rd day of January, 2020.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).